UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW FERNANDEZ,

Plaintiff,

-against-

INTER-AMERICAN DEVELOPMENT BANK GROUP et al.,

Defendants.

26 Civ. 3124 (JHR)

**OPINION & ORDER**

JENNIFER H. REARDEN, District Judge:

Plaintiff Andrew Fernandez brings this action *pro se*, alleging a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), "sovereign tort / creeping expropriation," tortious interference, and breach of fiduciary duty against Defendants Inter-American Development Bank Group ("IDB"), the Republic of Honduras, Empresa Nacional Portuaria ("ENP"), International Bank for Reconstruction and Development ("IBRD"), International Development Association ("IDA"), and DistroKid LLC (collectively, "Defendants"). Before the Court is Plaintiff's Amended Complaint, ECF No. 11.[1]

For the reasons set forth below, the Court dismisses the Amended Complaint pursuant to Federal Rule 8(a).

## BACKGROUND

The following facts are drawn from the Amended Complaint, ECF No. 11.[2] "As a general matter, the allegations in Plaintiff's [Amended] Complaint are convoluted, confusing, and largely incomprehensible." *Djangmah v. Magafara*, No. 16 Civ. 6136 (VSB), 2018 WL

---

[1] Plaintiff filed the Complaint and an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction on April 16, 2026. The case was assigned to this Court on April 22, 2026. Plaintiff filed the Amended Complaint on April 28, 2026.

[2] "The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise." *Brown v. Ventura*, No. 25 Civ. 3635 (LLS), 2025 WL 1736650, at *1 n.1 (S.D.N.Y. June 18, 2025).

4080346, at *1 (S.D.N.Y. Aug. 26, 2018) (dismissing *pro se* complaint). "Nevertheless, [the Court] attempt[s] to glean from the Complaint the factual allegations that are somewhat discernible." *Id.*

Plaintiff appears to aver that his "lineage" holds title to certain land, from which his family was removed in 1974. ECF No. 11 at ¶¶ 13-14. Plaintiff believes that Defendant ENP has "executed . . . a notarized confession admitting that the 1974 removal . . . was performed 'sin las indemnizaciones debidas' (without due compensation)," which "render[s] all subsequent titles [to the land at issue] Void Ab Initio." *Id.* ¶ 14. Plaintiff further alleges that Defendant IBRD "financed the . . . wharf on Plaintiff's land," *id.* ¶ 15, and that Defendant IDA committed "Perjury" by "deny[ing] its mandate . . . only to reverse its position in 32 minutes after being confronted with its own metadata," *id.* ¶ 16. As to Defendant DistroKid, LLC, Plaintiff avers a "Metadata Sabotage" in connection with DistroKid's "den[ial] [of] a valid $63,493.13 royalty claim," *id.* ¶ 17, causing "fallout with artist KBP and the default of payments to the Trust's Lead Systems Architect (CTO), resulting in a permanent 'Stop-Work' order on the Alpha 6 Hub," *id.* ¶ 18. The Amended Complaint also alleges that "Defendants have formed a Racketeering Enterprise to engage in a pattern of Wire Fraud and Digital Title Laundering," using "fraudulent metadata (in music and property registries) to hide a $50 Billion Liability from U.S. bondholders and the SEC." *Id.* ¶¶ 19-20.

Plaintiff seeks "an Emergency Asset Freeze (Tranche A) of $2,500,000,000.00," "Total Restitution of $50,000,000,000.00 (Tripled under RICO to $150,000,000,000.00)," and an order compelling "DistroKid LLC to reconcile the '3-3-2' ISRC Mapping Blueprint." *Id.* at 3 (Prayer for Relief).

## LEGAL STANDARDS

As Plaintiff is proceeding *pro se*, the Court construes his pleadings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotations omitted). But "[p]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20 Civ. 6835, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) (citation and internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," Plaintiff must nonetheless plead more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Rule 8 reflects the principle that a pleading should "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "A court has the authority to strike portions of the complaint that are redundant or immaterial" and may "dismiss the complaint entirely on its own initiative," *Ok-gu v. DistroKid, Inc.*, No. 25 Civ. 9818 (VSB), 2026 WL 621823, at *2 (S.D.N.Y. Mar. 4, 2026) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)), "even if the pleader is proceeding *pro se*," *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995).

## DISCUSSION

### A. The Amended Complaint Fails to Satisfy Rule 8.

The Amended Complaint identifies four causes of action: (1) Civil RICO, (2) "sovereign tort / creeping expropriation," (3) tortious interference, and (4) breach of fiduciary duty. *See*

3

ECF No. 11 at 3.  The facts alleged, however, are "so confused, ambiguous, vague, or otherwise unintelligible that [their] true substance, if any, is well disguised."  *Ok-gu*, 2026 WL 621823 ,at *2.

Civil RICO.  Plaintiff asserts a civil RICO claim against Defendants "for a coordinated pattern of institutional fraud and asset stripping."  ECF No. 11 at 3.  "To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.'"  *Steel River Sys., LLC v. Variant Alternative Income Fund*, 803 F. Supp. 3d 290, 206 (S.D.N.Y. 2025) (citing *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013)).  "Further, to establish a violation of § 1962(c), a complaint must allege that the defendant engaged in '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, or through . . . collection of unlawful debt."  *Id.*  The Amended Complaint "does not adequately allege the existence of" any of these elements, "as required to state a claim for civil RICO."  *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20 Civ. 9784 (PGG) (JW), 2022 WL 901660, at *20 (S.D.N.Y. Mar. 28, 2022) (dismissing *pro se* plaintiff's civil RICO claim).

Sovereign Tort / Creeping Expropriation.  Plaintiff alleges "sovereign tort / creeping expropriation . . . [f]or the uncompensated taking of the 1901 Root," ECF No. 11 at 3, which appears to refer to a title to property, *see id.* at ¶ 13.  In light of the Court's obligation to interpret *pro se* pleadings "to raise the strongest claims that they suggest," *Buxbaum v. Bondi*, No. 25 Civ. 3052 (KPF), 2025 WL 1294168, at *1 (S.D.N.Y. May 5, 2025) (internal quotations omitted), the Court construes this as a claim for conversion "of the 1901 Root," ECF No. 11 at ¶ 13.  "The two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's

4

rights." *Generation Next Fashions, Ltd. v. JP Morgan Chase Bank, NA*, 698 F. Supp. 3d 663, 679 (S.D.N.Y. 2023). Here, the Amended Complaint does not clearly identify the "1901 Root" that is the subject of the conversion claim, *see* ECF No. 11 at 3; Plaintiff's "possessory right" to that asset, *Generation Next Fashions, Ltd.*, 698 F. Supp. 3d at 679; or any facts regarding any of the defendants' "dominion over the [asset]," *id*. In any event, "[c]onversion claims have a three-year statute of limitations in New York," *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 469 (S.D.N.Y. 2010) (citing N.Y. C.P.L.R. § 214(3)), which "begins to run 'from the date the conversion takes place and not from discovery or the exercise of diligence to discover,'" *id.* (internal quotations omitted). Given Plaintiff's assertion that the "removal of [his] family was performed" in 1974, ECF No. 11 at ¶ 14, "the time has long since run on any claim for conversion," *Marvel Worldwide, Inc.*, 756 F. Supp. 2d at 470.

*Tortious Interference*. Plaintiff alleges "tortious interference . . . [a]gainst DistroKid for destroying the KBP contract and stalling the CTO." ECF No. 11 at 3. "Under New York law, tortious interference with contract requires several elements: the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of said contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting from the breach." *Generation Next Fashions, Ltd.*, 698 F. Supp. 3d at 679. Plaintiff has not adequately pleaded any of these elements. *See generally* ECF No. 11.

*Breach of Fiduciary Duty.* Plaintiff alleges a breach of fiduciary duty "[f]or the misrouting of $63k+ in 3-3-2 ISRC royalties." Am. Compl. at 3. "Under New York law, a claim for [b]reach of fiduciary duty requires (1) the existence of a fiduciary duty owed by the defendant; (2) a breach of that duty; and (3) resulting damages." *Spencer-Dmith v. Ehrlich*, 2024

WL 709291, at *6 (S.D.N.Y. Feb. 21, 2024).  At a minimum, the Amended Complaint fails to identify "the existence of a fiduciary duty owed" by any of the Defendants to Plaintiff.  *Id.*; *see generally* ECF No. 11.

All of Plaintiff's claims are therefore dismissed "for failing to provide a short and plain statement of the claim under Rule 8."  *Ok-gu*, 2026 WL 621823, at *4 (dismissing *pro se* complaint).

### B.  Leave To Amend Is Denied.

"District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile."  *Buxbaum*, 2025 WL 1294168, at *2 (citing *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011)); *Salahuddin*, 861 F.2d at 42.  "Plaintiff's [Amended] [C]omplaint does not suggest that he is in possession of facts that would cure the identified deficiencies."[3]  *Id.*; *see also Gallop v. Cheney*, 642 F. 3d 364, 369 (2d Cir. 2011) (affirming dismissal of claim with prejudice in absence of any indication that plaintiff could or would provide additional allegations leading to different result).  "Because the defects in Plaintiff's [Amended] [C]omplaint cannot be cured with a[] [second] amendment, the Court declines to grant Plaintiff leave to [further] amend and dismisse[s] the action [for failure to comply with Federal Rule 8(a)]."  *Buxbaum*, 2025 WL 1294168, at *2.

---

[3] "The deficiencies described in this Opinion & Order are merely exemplars and are not meant to be an exhaustive list."  *Ok-gu*, 2026 WL 621823, at *1 n.1. "There may be other deficiencies in the . . . [Amended] [C]omplaint that are not addressed in this Opinion & Order."  *Id.*

**CONCLUSION**

For the reasons stated above, the Amended Complaint is hereby DISMISSED.

The Clerk of Court is directed to enter a judgment dismissing this action for the reasons

set forth in this Opinion & Order.  The Clerk of Court is further directed to close this case.

SO ORDERED.


Dated:  New York, New York
        May 6, 2026

_____
JENNIFER H. REARDEN
United States District Judge